**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN HOWARD, | ) | CASE NO.: 5:20CV2139 |
| | ) |            5:20CV2224 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION AND** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

In both of the above-referenced cases, the Social Security Administration removed cases filed by Plaintiff Jonathan Howard from the Akron Municipal Court, Small Claims Division. The Administration has moved to dismiss both cases (Doc. 4 in both dockets) contending that the state court lacked jurisdiction over them and therefore this Court lacks jurisdiction. The motions are GRANTED. Both these matters are hereby dismissed.

In both small claims cases, Howard filed handwritten complaints. While it is difficult to ascertain the cause of action contained in either complaint as portions of the writing are illegible, Howard appears to in some manner be contesting Social Security benefits or their recipients. With that background, the Court examines the jurisdiction argument raised by the Administration.

The derivative jurisdiction doctrine "holds that if the state court where an action is filed lacks subject matter jurisdiction, the federal court, upon removal, also lacks subject matter jurisdiction, even if the federal court would have had subject-matter jurisdiction if the suit had originally been filed in federal court." *Graber v. Astrue*, 2009 WL 728564, at *1 (S.D.Ohio 2009).

While Congress abolished derivative jurisdiction with respect to actions removed under 28 U.S.C. § 1441, *see* 28 U.S.C. § 1441(f), Congress did not do the same for cases removed under 28 U.S.C. § 1442, the statutory basis for removal in these two cases. *See Graber*, 2009 WL 728564, at *2 (holding that the language of Section 1441(f) "does not reach cases removed under § 1442").

Federal district courts have exclusive jurisdiction to review decisions of the Commissioner of Social Security. See 42 U.S.C. § 405(g) (requiring suits for judicial review of decisions of the Commissioner of Social Security be brought in the United States district court for the judicial district in which the plaintiff resides). Because these cases were removed from state court, this Court's jurisdiction is merely derivative of that of the Ohio court, which had no jurisdiction over this matter. The proper course is for this Court to dismiss Plaintiff's cases. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24 n. 27 (1983) (noting that in cases filed in state court for which exclusive jurisdiction is in federal court, the proper course is to dismiss the case without reaching the merits); *see also Pickett v. Office of Disability Adjudication and Review*, 2009 WL 1661954, at *4 (N.D.Ohio 2009) (dismissing case under Federal Civil Rule 12(b)(1) where federal defendant removed pursuant to Section 1442). In summary, when a case is removed under 28 U.S.C. § 1442, if the state court lacked jurisdiction over the action when it was filed there, the federal court on removal acquires none, even if the federal court would have jurisdiction if the case originally was filed in federal court.  As such, this Court acquired no jurisdiction, and Howard's cases must be dismissed.  The Administration's motions to dismiss in both pending matters are GRANTED.

Dated: December 30, 2020                              /s/ John R. Adams
                                                      JUDGE JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE